IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TYRONE NUNN, SR., Reg. No. #12452-002, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CITY OF WEDOWEE POLICE DEPT., et al., )<br>)<br>Defendants. ) | CASE NO. 3:10-CV-507-TMH<br>[WO] |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Tyrone Nunn, Sr. ["Nunn"], a federal inmate and frequent litigant in this court, on June 11, 2010. In the instant complaint, Nunn challenges a search of his residence conducted by state and municipal law enforcement authorities on December 29, 2006 which resulted in the seizure of "3 to 4 grams of cocaine." *Plaintiff's Complaint - Court Doc. No. 1* at 1-2. Nunn further complains the defendants referred his controlled substance cases to federal authorities for prosecution "despite the fact that these crimes were committed within Alabama ... under the exclusive jurisdiction of that State...." *Id*. at 2. In addition, Nunn challenges the constitutionality of his convictions by this court for possession with intent to distribute crack cocaine and distribution of crack cocaine. *Id*.

Upon initiation of this case, Nunn filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to

bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this court establish that Nunn, while incarcerated or detained, has on at least three occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The actions on which this court relies in finding a § 1915(g) violation are: (1) *Nunn v. Bailey, et al.*, Case No. 3:05-CV-1059-MHT-VPM (M.D. Ala. 2005), (2) *Nunn v. Clay County Hospital, et al.*, Case No.7:05-CV-515-SLB (N.D. Ala. 2005), and (3) *Nunn v. Bank of Wedowee - Woodland Branch*, Case No. 3:03-CV-392-MEF-VPM (M.D. Ala. 2003).

In the present cause of action, Nunn challenges the constitutionality of a search conducted in December of 2006 and criminal convictions imposed upon him by this court

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

pursuant to his February 24, 2009 guilty plea.  The allegations made the basis of the instant complaint fail to demonstrate that Nunn was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to application of 28 U.S.C. § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of  28 U.S.C. § 1915(g)).  Based on the foregoing, the court concludes that Nunn's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Nunn failed to pay the requisite filing fee upon initiation of this cause of action.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by the plaintiff in this case (Court Doc. No. 2) be and is hereby DENIED.  Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed at this time without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of

this case.  It is further

ORDERED that on or before July 6, 2010 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 21st day of June, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE